RECEIVED
CIRCUIT COURT
ST. LOUIS COUNTY
2010 MAR 26 AM 10: 1
JOAN M. GILMER
CIRCUIT CLERK

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| WILLIAM PALMER, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CARL R. SCOTT, JR., <br><br> and <br><br> CITY OF COUNTRY CLUB HILLS, MISSOURI, <br><br> Serve: <br> Mayor May Willesta Dorsey <br> City of Country Club Hills <br> 7422 Eunice Avenue <br> St. Louis, Missouri 63136 <br><br> Defendants. | Case No.   09SL-CC01183 <br> Division     14 |

## SECOND AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff William Palmer, Jr., and for his Second Amended Petition for Damages states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. That at all times pertinent hereto, Plaintiff William Palmer, Jr. was and is a resident of St. Louis County, Missouri.

2. That at all times pertinent hereto, Defendant Carl Scott, Jr. was and is a resident of St. Louis County, Missouri.

3. That Defendant City of Country Club Hills was and is a municipal corporation duly organized and existing under the laws of the State of Missouri and situated within St. Louis County, Missouri. The Mayor of Country Club Hills is an

1

authorized agent of Defendant City of Country Club Hills and may accept service of process on its behalf.

4. Because the damages suffered by Plaintiff exceed twenty-five thousand dollars ($25,000), the Circuit Court has jurisdiction pursuant to Article V, § 14 of the Missouri Constitution and Mo. Rev. Stat. § 517.011.1.

5. Venue is appropriate in St. Louis County, Missouri, pursuant to Mo. Rev. Stat. §§ 508.010.2 and 508.050.

## COUNT I – ASSAULT

For his first cause of action for Assault against Defendant Carl R. Scott, Jr., Plaintiff states and alleges as follows:

6. Plaintiff restates, re-alleges and incorporates by reference Paragraphs 1-5 of this First Amended Petition for Damages, as if the same had been set out in their entirety in this paragraph of Count I.

7. At all times pertinent hereto, Defendant Carl R. Scott, Jr. is and was a police officer employed by Defendant City of Country Club Hills.

8. On or about September 22, 2008, Plaintiff was waiting outside the home of La Rhonda Brown on Kinnamore Avenue in Jennings, Missouri. Plaintiff and La Rhonda Brown are the natural parents of a child together that resides with Ms. Brown. Defendant Scott and Ms. Brown drove up to the residence and parked. Defendant confronted Plaintiff. Defendant originally stated to the police that he thought Plaintiff was going to "car jack" his vehicle but later admitted he had lied. Defendant told Plaintiff he was a police officer and threatened him with his service pistol. Plaintiff began to retreat when he saw the pistol and La Rhonda Brown pleaded with Defendant

not to shoot. Disregarding Plaintiff's retreat and Ms. Brown's statement, Defendant Carl R. Scott, Jr. intentionally shot and seriously wounded Plaintiff without provocation or cause while in the course and scope of his employment as a police officer of the City of Country Club Hills, Missouri.

9. As a police officer with the City of Country Club Hills, Missouri, and upon information and belief, Defendant Scott is required to be "on duty" 24 hours each day and is required to be armed with his service pistol at all times.

10. That as a direct and proximate result of the actions of Defendant Scott as described in Paragraph 8 herein, Plaintiff suffered serious and permanent physical injuries to his abdomen and internal organs, for which he required multiple surgeries and extensive hospitalization and medical care, the cost of which exceeds Seventy-Five Thousand Dollars ($75,000.00).

11. That as a direct and proximate result of the actions of Defendant Scott as hereinbefore described in Paragraph 8 herein, Plaintiff has been unable to be gainfully employed and has lost income from his regular employment. Further, Plaintiff has sustained injuries to a degree that his ability to be gainfully employed and earn an income in the future has been permanently and irreparably compromised.

12. That as a direct and proximate result of the actions of Defendant Scott as hereinbefore described in Paragraph 8 herein, Plaintiff has incurred pain and suffering and his ability to participate in the full enjoyment of the normal activities of life have been permanently and irreparably compromised.

13. The acts and conduct of Defendant Scott as enumerated in Paragraph 8 were done with a reckless disregard for the safety of others and particularly the Plaintiff

herein thereby creating an unreasonable risk of bodily harm to Plaintiff. Defendant Scott knew or should have known that firing his service pistol at or in the direction of Plaintiff involved a high probability that substantial physical and other harm would result to Plaintiff. Defendant Scott knew or should have known that firing his service pistol at Plaintiff would result, and in fact did result, in serious and permanent injuries and damages to Plaintiff.

14. The acts and conduct of Defendant Scott as enumerated in Paragraph 8 were reckless and in conscious disregard for the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendant Scott on Count I of his Petition for such sums as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as actual damages, and additional punitive damages in such sums as are fair and reasonable in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), together with his costs herein expended, and for such other relief as the Court deems just and proper.

<u>COUNT II – EXCESSIVE FORCE – 42 U.S.C. § 1983</u>

For his second cause of action for Excessive Force pursuant to against Defendant Carl Scott Jr., Plaintiff states and alleges as follows:

15. Plaintiff restates, re-alleges and incorporates by reference Paragraphs 1 through 14 of this Second Amended Petition for Damages, as if the same had been set out in their entirety in this paragraph of Count II.

16.     Defendant Scott's use of force against Plaintiff was unreasonable and therefore violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

17.     As a direct and proximate result of Defendant Scott's actions, Plaintiff suffered, and continues to suffer from, physical injury, pain and suffering, mental anguish, shock and discomfort.

18.     As a direct and proximate result of Defendant Scott's actions, Plaintiff has suffered, and is reasonably likely to continue to suffer, special damages in the form of medical expenses.

19.     The acts of Defendant Scott were willful, oppressive and callously indifferent to Plaintiff's rights, thus entitling Plaintiff to an award of punitive damages against Defendant Scott in his individual capacity.

20.     If Plaintiff prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays judgment against Defendant Scott on Count II of his Petition for such sums as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as actual damages, and additional punitive damages in such sums as are fair and reasonable in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), together with his costs herein expended, attorney's fees, and for such other relief as the Court deems just and proper.

## COUNT III – DEPRIVATION OF CONSTITUTIONAL RIGHTS – 42 U.S.C. § 1983 – POLICIES, CUSTOMS, PRACTICES AND USAGES

For his third cause of action against Defendant City of Country Club Hills for Deprivation of Constitutional rights pursuant to Defendant City of Country Club Hills' Polices, Customs, Practices and Usages, Plaintiff states and alleges as follows:

21. Plaintiff restates, re-alleges and incorporates by reference Paragraphs 1 through 21 of this Second Amended Petition for Damages, as if the same had been set out in their entirety in this paragraph of Count III.

22. Certain customs, practices and usages of the City of Country Club Hills Police Department are so pervasive as to constitute department policy. Some customs, practices and usages that constitute department policy include requiring all police officers to carry a loaded service revolver at all times, even when said officers may be under the influence of alcohol or other substances, or may be involved in personal rather than professional situations that could give rise to domestic violence; to require all police officers to be on duty at all times, even when not on a shift rotations, with the ability to effect arrest of citizens assisted by a loaded service revolver; to sanction police officers using or brandishing their department issued service revolver to resolve personal domestic disputes, including the discharging of the department issued service revolver; to sanction police officers using or brandishing their department issued service revolver to threaten or intentionally inflict physical force or emotional distress upon law abiding citizens to resolve personal domestic disputes, including the discharging of the department issued service revolver; and to otherwise deprive civilians of their constitutional and statutory rights, privileges and immunities.

23. These policies, customs, practices and usages of Defendant City of Country Club Hills caused the violation of Plaintiff's constitutional rights under the Fourth, Eighth and Fourteenth Amendments.

24. As a direct and proximate result of the policies, customs, practices and usages of Defendant City of Country Club Hills, as previously described, Plaintiff suffered, and continues to suffer from, physical injury, pain and suffering, mental anguish, shock and discomfort.

25. As a direct and proximate result of the policies, customs, practices and usages of Defendant City of Country Club Hills, Plaintiff has suffered, and is likely to continue to suffer, special damages in the form of medical expenses.

26. If Plaintiff prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays judgment against Defendant City of Country Club Hills, Missouri for such sums as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), for the physical injuries suffered by Plaintiff, together with his costs herein expended, for attorney's fees, and for such other relief as the Court deems just and proper.

### COUNT IV – FAILURE TO INSTRUCT, SUPERVISE, CONTROL AND DISCIPLINE OFFICERS – 42 U.S.C. § 1983

For his fourth cause of action against Defendant City of Country Club Hills for failure to instruct, supervise, control and discipline its officers, Plaintiff states and alleges as follows:

27.    Plaintiff restates, re-alleges and incorporates by reference Paragraphs 1 through 26 of this Second Amended Petition for Damages, as if the same had been set out in their entirety in this paragraph of Count IV.

28.    Defendant City of Country Club Hills is a municipal corporation duly organized and existing under the laws of the State of Missouri and is a political subdivision situated in St. Louis County, Missouri, and all the times hereinafter mentioned was acting by and through its duly authorized employees, including Defendant Carl R. Scott, Jr. who was at all times hereinafter mentioned acting as a police officer and was acting within the course and scope of his authority and employment.

29.    Defendant City of Country Club Hills employs Defendant Carl R. Scott, Jr. as a police officer and did so employ Defendant Scott on September 22, 2008. At all times pertinent hereto, Defendant City of Country Club Hills was responsible for the training and supervision of Defendant Carl R. Scott, Jr. As part of Defendant Scott's duties, he was required to consider himself a police officer on duty twenty-four (24) hours each day and was required at all the times relevant to this cause of action to be armed with his service pistol, and thus was acting in the course and scope of his employment at the time of the shooting of Plaintiff on September 22, 2008.

30.    As part of its training and supervision of Defendant Scott, Defendant City of Country Club Hills was required to provide Defendant Scott with specific training and supervision in the use of firearms, including but not limited to the use of his service pistol, and when and how to use deadly force.

31. Mo. Rev. Stat. § 563.031.1(1) states that a police officer is never justified in using deadly force when that officer is the aggressor and is not effecting a lawful arrest. Consequently, Mo. Rev. Stat. § 563.031.1(1) imposes a legal duty on all police officers, including Defendant Scott, to refrain from using deadly force as an aggressor when not effecting a lawful arrest, and further imposes a legal duty on all government law enforcement agencies, including Defendant City of Country Club Hills, to properly train, supervise, counsel, advise and instruct its police officers in the appropriate and limited circumstances when they may use deadly force, including the duty to properly deploy officers who know or should know that they may never use their service pistol as a weapon of deadly force against any person when the officer is the aggressor in the situation and not effecting a lawful arrest. Because Defendant City of Country Club Hills had a departmental policy requiring its officers to carry their service pistol at all times and to consider themselves as "on duty" at all times, Defendant City of Country Club Hills had a legal duty to train and supervise its police officers in safekeeping their service pistols during personal but still "on duty" time, including but not limited to refraining from using said service pistol in personal disputes that in no way rise to the level of a violation of any federal or state law or municipal ordinance.

32. Defendant City of Country Club Hills knew, or reasonably should have known, that requiring its police officers to carry a loaded department-issued service revolver at all times creates situations in which it is foreseeable, without adequate training and supervision, that its police officers may brandish or otherwise employ their loaded department-issued firearm not to effect a lawful arrest or address an official matter of law enforcement, but to resolve a personal issue, including but not limited to

9

domestic disputes, which carry a heightened risk of violence. Defendant City of Country Club Hills had a legal duty to provide sufficient training and supervision to all its officers, including Defendant Scott, in the risks associated with carrying a loaded department-issued firearm in personal situations, including but not limited to domestic disputes, a legal duty which at a minimum should have included training seminars and videos and educational simulations relating to these very circumstances.

33.  Defendant City of Country Club Hills failed to provide the requisite supervision, training, instruction and control necessary to avoid the reasonably foreseeable risks associated with its policies of requiring its officers to be on duty at all times and to carry their loaded department-issued firearm at all times. In so doing, Defendant City of Country Club Hills showed deliberate indifference to the constitutional rights of Plaintiff and other citizens. By failing to adequately train and supervise Defendant Scott, Defendant City of Country Club Hills encouraged and implicitly authorized Defendant Scott to use excessive force and otherwise assault Plaintiff, depriving Plaintiff of his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

34.  But for the policy of Defendant City of Country Club Hills requiring its police officers have their service pistols on their person at all times; and but for the negligent failure to properly train and supervise its officers, including Defendant Scott, in the appropriate use of deadly force as set forth hereinabove, Defendant Scott would not have deployed his service pistol in the manner he did on September 22, 2008, during his confrontation with Plaintiff. Consequently, as a direct and proximate result of the negligent failure of Defendant City of Country Club Hills to properly train and supervise

its officers, including Defendant Scott, in the appropriate use of deadly force as set forth hereinabove, Plaintiff suffered the injuries and damages more fully set out hereinabove in Paragraphs 8-12.

35. As a direct and proximate result of Defendant City of Country Club Hills' failure to train, supervise, discipline and otherwise control the officers of the City of Country Club Hills Police Department, Plaintiff suffered, and continues to suffer from, physical injury, pain and suffering, mental anguish, shock and discomfort.

36. As a direct and proximate result of Defendant City of Country Club Hills' failure to train, supervise, discipline and otherwise control the officers of the City of Country Club Hills Police Department, Plaintiff has suffered, and is likely to continue to suffer, special damages in the form of medical expenses.

37. If Plaintiff prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays judgment against Defendant City of Country Club Hills, Missouri for such sums as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), for the physical injuries suffered by Plaintiff, together with his costs herein expended, for attorney's fees, and for such other relief as the Court deems just and proper.

Respectfully submitted,

THE MARKS LAW FIRM, L.L.C.

*/s/ Murry A. Marks*
Murry A. Marks  #18269
ATTORNEYS FOR PLAINTIFF
4 CityPlace Drive, Suite 497
Creve Coeur, Missouri 63141
p:  (314) 993-6300
f:  (314) 993-6301
e:  mam@themarkslawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing Second Amended Petition for Damages was sent by first class mail, postage prepaid, on this 25th day of March, 2010, to Rick Barry, Attorney for Defendant Carl R. Scott, Jr., 2726 S. Brentwood Boulevard, St. Louis, Missouri 63144, and William A. Hellmich, Attorney for Defendant City of Country Club Hills, 2000 South Hanley Road, St. Louis, Missouri 63144.

THE MARKS LAW FIRM, L.L.C.

*/s/ Murry A. Marks*
Murry A. Marks  #18269
ATTORNEYS FOR PLAINTIFF
4 CityPlace Drive, Suite 497
Creve Coeur, Missouri 63141
p:  (314) 993-6300
f:  (314) 993-6301
e:  mam@themarkslawfirm.com